UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL M. EVANS,<br><br>            Plaintiff,<br><br>    v.<br><br>T. JUSINO,<br><br>            Defendant. | Case No. 25-cv-00205-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a federal inmate at the La Vista Correctional Facility in Pueblo, Colorado, who is proceeding without an attorney, filed this civil rights action. Her claims arise from events occurring at the Federal Correctional Institute in Dublin, California ("FCI Dublin"), where she was formerly housed. She sues the former FCI Dublin Warden T. Jusino for keeping her in custody for 310 days past her release date. (ECF No. 4 at 2, 4.) Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

A private right of action for damages may be implied from the Constitution itself for constitutional violations by federal employees or their agents. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971).

**LEGAL CLAIMS**

Plaintiff alleges on April 21, 2022, she was informed she was "eligible for immediate release" from custody under the First Step Act. (ECF No. 4 at 5.) However, she alleges Defendant Jusino "held" her until February 15, 2023, 310 days later. (*Id.* at 4, 5.) She alleges had she been released on time, 310 days could have been credited towards her state sentence, and she "could have been finished with my state sentence." (*Id.* at 5.) The relief she seeks is monetary damages for "mental and emotional abuse." (*Id.*)

While plaintiffs generally may recover damages for pain and suffering and mental and emotional distress that results from constitutional violations, *see Carey v. Piphus*, 435 U.S. 257, 264 (1978); *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988), the Prisoner Litigation Reform Act (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury. 42 U.S.C. § 1997e(e). Plaintiff does not allege she suffered any physical injury. Consequently, her claim for monetary damages, based solely on mental and emotional injuries, must be dismissed. Plaintiff will be granted leave to amend her complaint to allege, if she can do so in good faith, a physical

2

injury caused by Defendant's actions.

## CONCLUSION

For the reasons explained above,

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint on or before **May 30, 2025**. The amended complaint must include the caption and civil case number used in this order (No. C 25-0205 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; she must include in her amended complaint all the claims she wishes to pursue. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the case will be dismissed.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." She also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: April 17, 2025

JACQUELINE SCOTT CORLEY
United States District Judge