UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL M. EVANS,<br><br>        Plaintiff,<br><br>    v.<br><br>T. JUSTINO,<br><br>        Defendant. | Case No. 25-cv-00205-JSC<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE LOCATION OF DEFENDANT FOR SERVICE** |

## INTRODUCTION

Plaintiff, a prisoner in a Colorado state prison — La Vista Correctional Facility in Pueblo, Colorado — proceeding without an attorney, filed this civil rights action. The complaint was dismissed with leave to amend, and Plaintiff has filed a timely amended complaint. (ECF Nos. 9, 10.) Plaintiff's claims arise from events that occurred while she was in federal custody at the Federal Correctional Institute in Dublin, California ("FCI Dublin") immediately prior to her transfer to her present institution. (ECF No. 10 at 1.) Plaintiff sues the former FCI Dublin Warden T. Jusino for delaying her release from federal custody for 310 days. (*Id.* at 1-2.) For the reasons discussed below, Plaintiff's amended complaint, when liberally construed, states a claim that is capable of judicial determination. Plaintiff has not, however, provided a location for Defendant where she can be served. Plaintiff must provide such an address on or before **August 25, 2025,** or the case will be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided

or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

A private right of action for damages may be implied from the Constitution itself for constitutional violations by federal employees or their agents. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971).

**DISCUSSION**

1. Plaintiff's Claim

Plaintiff alleges on April 21, 2022, she was informed by "case management" that "she was going to be released immediately from custody due to credits she earned under the First Step Act." (ECF No. 10 at 1.) However, Defendant T. Jusino, who was at the time the Acting Warden of FCI Dublin, did not release her until February 15, 2023, 310 days later. (*Id.* at 1-2.) She alleges this delayed her transfer to state prison in Colorado to begin serving her state sentence, as well as the completion of such sentence, by 310 days. (*Id.* at 2.) She seeks monetary damages. (*Id.* at 4.)

The overdetention of a prisoner beyond their release date may violate the prisoner's Eighth and Fourteenth Amendment rights. *See Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985) (en

banc).  The original complaint was dismissed with leave to amend because Plaintiff had not alleged any physical injury caused by her alleged overdetention.  (ECF No. 8 at 2:21-3:1 (citing physical injury requirement under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e).)  In her amended complaint, Plaintiff alleges a variety of physical injuries as a result Defendant's alleged actions.  (ECF No. 10 at 5-6.)  She alleges she suffered weight loss, headaches, "digestive issues," and hair loss from stress, anxiety, and depression; sinus and respiratory harm from asbestos and black mold at FCI Dublin; and a physical injury during a medical exam.  (*Id.* at 6.)  To the extent such physical injuries occurred during or were caused by her overdetention at FCI Dublin, they meet the physical injury requirement of the PLRA.

When liberally construed, Plaintiff allegations that Defendant detained her for 310 days beyond the date that prison officials had calculated her release date, states a claim against Defendant for violating her Eighth and Fourteenth Amendment rights that is capable of judicial determination.

Plaintiff alleges facts that do not plausibly relate to her overdetention or state an additional claim capable of judicial determination.   She alleges "negligence on behalf of Defendant [] providing inadequate medical, dental, and mental healthcare," (*d.* at 5 ¶ 3), but these allegations are not explained, and without more they are too vague and conclusory to state an independent "plausible" claim for relief.  *See Twombly*, 550 U.S. at 555.  Plaintiff's allegation unnamed staff members "hired by Defendant" sexually harassed her by watching her shower also does not state a plausible claim for relief against Defendant because "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory" that they are responsible for those actions.  *Iqbal*, 556 U.S. at 676.

2. <u>Defendant's Address</u>

Although Plaintiff has stated a claim that is capable of judicial determination and review against Defendant, she has not provided Defendant's current location.[1]  Without this information, the Marshal cannot serve her.

---

[1] FCI Dublin was closed in April 2024, *see* https://www.ktvu.com/news/fci-dublin-closing-women-transferred-elsewhere.

In cases involving plaintiffs proceeding *in forma pauperis* (IFP), the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the United States marshal to effect service. Fed. R. Civ. P. 4(c)(3). If service of the summons and complaint is not made upon a defendant within 90 days of the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause." Fed. R. Civ. P. 4(m). "[A]n incarcerated pro se plaintiff proceeding [IFP] is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). However, while incarcerated plaintiffs proceeding IFP may rely on service by the U.S. Marshals, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, e.g., because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); *see also Del Raine v. Williford*, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to timely effect service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

Plaintiff must provide the Court with Defendant's current location for the Marshal to serve her. Plaintiff's failure to do so, or explain why she is unable to provide that information, by the deadline set forth below may result in the dismissal of this case without prejudice under Rule 4(m).

## CONCLUSION

For the foregoing reasons, on or before **August 25, 2025**, Plaintiff shall: (1) provide the Court with sufficient location information to enable service upon Defendant T. Jusino, or (2)

4

explain why she cannot provide that information.  **Her failure to do so may result in the dismissal of this case without prejudice under Rule 4(m).**

It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  She also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: June 2, 2025

JACQUELINE SCOTT CORLEY
United States District Judge