UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL M. EVANS,<br><br>        Plaintiff,<br><br>    v.<br><br>T. JUSTINO,<br><br>        Defendant. | Case No. 25-cv-00205-JSC<br><br>**ORDER VACATING PRIOR ORDER; DIRECTING SERVICE ON FEDERAL BUREAU OF PRISONS; DENYING MOTION TO RELATE** |

## INTRODUCTION

Plaintiff, a prisoner in a Colorado state prison — La Vista Correctional Facility in Pueblo, Colorado — proceeding without an attorney, filed this civil rights action. The complaint was dismissed with leave to amend, and Plaintiff has filed a timely amended complaint. (ECF Nos. 9, 10.) Plaintiff's claims arise from events that occurred while she was in federal custody at the Federal Correctional Institute in Dublin, California ("FCI Dublin") immediately prior to her transfer to her present institution. (ECF No. 10 at 1.) Plaintiff sues the former FCI Dublin Warden T. Jusino for delaying her release from federal custody for 310 days. (*Id.* at 1-2.) Plaintiff was ordered to provide a location for Jusino on or before **August 25, 2025**, under Rule 4(m). (ECF No. 12.) After further review of the amended complaint (ECF No. 10) under 28 U.S.C. § 1915A, and good cause appearing, the Order Directing Plaintiff to Provide Location of Defendant for Service (ECF No. 12) is VACATED.

For the reasons discussed below, Plaintiff's amended complaint, when liberally construed, states a claim that is capable of judicial determination, and service is ordered upon the Federal Bureau of Prisons.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

A private right of action for damages may be implied from the Constitution itself for constitutional violations by federal employees or their agents. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971).

**DISCUSSION**

1. Plaintiff's Claim

Plaintiff alleges on April 21, 2022, she was informed by "case management" that "she was going to be released immediately from custody due to credits she earned under the First Step Act." (ECF No. 10 at 1.) However, Defendant T. Jusino, who was at the time the Acting Warden of FCI Dublin, did not release her until February 15, 2023, 310 days later. (*Id.* at 1-2.) She alleges this delayed her transfer to state prison in Colorado to begin serving her state sentence, as well as the completion of such sentence, by 310 days. (*Id.* at 2.) She seeks monetary damages. (*Id.* at 4.)

The overdetention of a prisoner beyond their release date may violate the prisoner's Eighth and Fourteenth Amendment rights. *See Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985) (en banc). The original complaint was dismissed with leave to amend because Plaintiff had not alleged any physical injury caused by her alleged overdetention. (ECF No. 8 at 2:21-3:1 (citing physical injury requirement under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e).) In her amended complaint, Plaintiff alleges a variety of physical injuries as a result Defendant's alleged actions. (ECF No. 10 at 5-6.) She alleges she suffered weight loss, headaches, "digestive issues," and hair loss from stress, anxiety, and depression; sinus and respiratory harm from asbestos and black mold at FCI Dublin; and a physical injury during a medical exam. (*Id.* at 6.) To the extent such physical injuries occurred during or were caused by her overdetention at FCI Dublin, they meet the physical injury requirement of the PLRA.

When liberally construed, Plaintiff allegations that Defendant detained her for 310 days beyond the date that prison officials had calculated her release date, states a claim against Defendant for violating her Eighth and Fourteenth Amendment rights that is capable of judicial determination. The following sentence is added to the end of the first full paragraph on page three (*id.* at 3:13): "The amended complaint is furthermore liberally construed to sue Defendant in her official and individual capacity."

Plaintiff also alleges facts that do not plausibly relate to her overdetention or state an additional claim capable of judicial determination. She alleges "negligence on behalf of Defendant [] providing inadequate medical, dental, and mental healthcare," (*d.* at 5 ¶ 3), but these allegations are not explained, and without more they are too vague and conclusory to state an independent "plausible" claim for relief. *See Twombly*, 550 U.S. at 555. Plaintiff's allegation unnamed staff members "hired by Defendant" sexually harassed her by watching her shower also does not state a plausible claim for relief against Defendant because "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory" that they are responsible for those actions. *Iqbal*, 556 U.S. at 676.

//

//

**CONCLUSION**

For the reasons discussed above,

"1.    The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint with attachments, and a copy of this order on the Federal Bureau of Prisons[1] in Washington, D.C.. The Clerk shall also mail a courtesy copy of the amended complaint with all attachments and a copy of this order to the United States Attorney's Office in the Northern District of California, and the United States Attorney General's Office in Washington, D.C..

2.    Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

3.    To expedite the resolution of this case:

a.  No later than **91** days from the date this order is issued, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.  At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d.  Defendant shall file a reply brief no later than **14** days after the opposition is

---

[1] The Bureau of Prisons is ordered served because Plaintiff's claims are construed to sue Defendant in her official (as well as individual) capacity.

4

filed.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by Plaintiff with the Court must be served on Defendant or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or their counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery."

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." She also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

7. Plaintiff's "request" that "this case be related" to the class action, *M.R. v. Federal Correctional Institution*, No. C 22-cv-05137-YGR (N.D. Cal.), is construed as a "Motion for Administrative Relief to Consider Whether Cases Should be Related" under Civil Local Rule 3-12 and is DENIED because the overdetention claim Plaintiff makes here is distinct from and unrelated to the claims at issue in *M.R. v. Federal Correctional Institution*, No. C 22-cv-05137-YGR (N.D. Cal.).

This order resolves docket number 11.

**IT IS SO ORDERED.**

Dated: July 2, 2025

JACQUELINE SCOTT CORLEY
United States District Judge