UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JILL M. EVANS,

Plaintiff,

v.

T. JUSINO,

Defendant.

Case No. 25-cv-00205-JSC

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 24

**INTRODUCTION**

Plaintiff, a prisoner in a Colorado state prison proceeding without an attorney, filed this civil rights action. Plaintiff's claim in the operative First Amended Complaint ("FAC") arises from events that occurred while she was in federal custody at the Federal Correctional Institution in Dublin, California ("FCI Dublin"), immediately prior to her transfer to her present institution. (ECF No. 10 at 1.) Plaintiff sues the former FCI Dublin Warden T. Jusino for improperly delaying her release from federal custody. (*Id*. at 1-2.)[1] Defendant has filed a motion for summary judgment, Plaintiff filed an opposition, and Defendant filed a reply. (ECF Nos. 24, 28, 33.)[2] For the reasons discussed below, the motion for summary judgment is GRANTED.

**BACKGROUND**

On May 3, 2017, Plaintiff was sentenced to a term of 84 months in prison. (ECF No. 24-1 at 4-5.) She was committed to FCI Dublin on May 31, 2017, and she was released on February

---

[1] The docket lists the Federal Bureau of Prisons ("BOP") as a defendant, but it is not. Plaintiff did not name the BOP as a defendant in either the original (ECF No. 4 at 2) or the FAC (ECF No. 13). The Court ordered the amended complaint served on the Federal Bureau of Prisons simply because Plaintiff's claims were construed to sue Jusino in her official (as well as individual) capacity (*see* ECF No. 13 at 4, n.1), not because the BOP itself is a separate defendant. The Clerk shall terminate the BOP as a defendant on the docket.
[2] Plaintiff subsequently filed a second copy of her opposition. (ECF No. 32.)

15, 2023, when she was transferred to a state prison in Colorado pursuant to a Colorado detainer. (*Id.*; ECF No. 4 at 5.)[3]  According to Plaintiff, 310 days earlier, on April 21, 2022, her "case manager" told her she was "eligible for immediate release" because she "qualified under the First Step Act of 2008 to receive 365 days off [her] sentence."  (*Id.* at 4, 5.)  Plaintiff alleges if Defendant had released her then, she "could have been finished with [her] state prison time" earlier.  (*Id.* at 5.)  Plaintiff seeks money damages against Defendant for improperly delaying her release by her 310 days.  (ECF No. 10 at 2, 4.)

Defendant has submitted records from Plaintiff's time in federal custody, which state her "statutory release date" was projected to be April 12, 2023, her "actual satisfaction date" was February 15, 2023, and her "actual satisfaction method" was "FSA[4] rel."  (ECF No. 24-1 at 5.) Her records also state she was "scheduled for release: 02-15-2023 via FSA rel" with "applied FSA credits: 56 days."  (*Id.* at 4.)  She received an opportunity to earn time credits under the First Step Act ("FSA") by completing a program called "Resolve."  (*Id.* at 8.)  Her records state she completed an initial phase of the program, but on February 14, 2020, she declined to continue. (*Id.*)  On December 9, 2022, a Resolve coordinator reported that Plaintiff again declined when offered to re-join the program.[5]  (*Id.* at 24.)

On November 14, 2022, Plaintiff filed an administrative grievance claiming, as she does here, that on April 21, 2022, a case worker informed her she was entitled to "immediate release" due to her FSA credits, and seeking additional FSA time credits.  (*Id.* at 45, 48.)  On January 6, 2024, Defendant denied the grievance because prison regulations required inmates participate in "Evidence-Based Recidivism Reduction (EBBR) programs and/or a Productive Activity (PA)" to receive FSA time credits, and an investigation revealed Plaintiff had stopped participating in the

---

[3] The original complaint is verified (*see* ECF No. 4 at 11), so the Court treats its allegations of facts within Plaintiff's personal knowledge as evidence presented in opposition to summary judgment.  *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit for factual allegations based on his personal knowledge).  Neither the FAC nor the opposition to the motion for summary judgment are verified, however (ECF No. 28 at 25; ECF No. 10 at 4), so the Court does not treat the factual allegations therein as evidence.  Plaintiff has not submitted a declaration.
[4] The Court understands "FSA" to refer to the First Step Act.
[5] In her opposition, Plaintiff denies opting out of the program (ECF No. 28 at 25), but she has not submitted a declaration or other evidence to this effect.

EBBR program ("Resolve") on February 14, 2020. (*Id.* at 49 (citing BOP "Program Statement (PS) 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3682(d)(4), Section (3)(c)").) In addition, under prison regulations, inmates like petitioner who had "unresolved pending charges and/or detainers" could not apply FSA time credits to their custody "unless the charges and/or detainers are resolved." (*Id.* (citing BOP Program Statement 5410.01, Section 10).)[6]

**DISCUSSION**

A.    Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id*.

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 570 U.S. 650, 656-57 (2014). If more than one reasonable inference can be drawn from undisputed facts, the trial court must credit the inference in favor of the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

United States District Court
Northern District of California

---

[6] Plaintiff appealed this decision to the BOP Regional Director, and the appeal was denied as moot because by then she had already been released from federal custody. (ECF No. 24-1 at 46.)

United States District Court
Northern District of California

B.    Analysis

Plaintiff claims Defendant only granted her 56 days of time credits instead of the 365 she had earned under the FSA, and as a result he detained her until February 15, 2023, instead of releasing her on her proper release date of April 22, 2022.  (ECF No. 10 at 1-2.)  The Court liberally construed this as a claim for violating her constitutional rights not to be detained past her release date.[7]  *See generally Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985) (en banc) (providing overdetention of a prisoner beyond their release date may violate a prisoner's Eighth Amendment and due process rights); *see generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971) (providing implied right of action to sue federal officials in their individual capacity for money damages for constitutional violations).

Defendant is entitled to summary judgment for three reasons.  First, the evidence, even when viewed in a light most favorable to Plaintiff, does not support a reasonable determination Plaintiff earned more time credits under the FSA than Defendant awarded her or that she was entitled to an earlier release. Second, there is no *Bivens* remedy for damages claims under the FSA.  And third, Defendant is entitled to qualified immunity.[8]

1.    First Step Act

The FSA created a system for reducing inmates' risk of recidivism by offering them participation in "evidence-based recidivism reduction programming" (EBRR) and "productive activities" ("PA").  18 U.S.C § 3632(b).  The BOP was authorized to determine inmate's eligibility to earn time credits for participating in such programming.  *See id.* § 3632(d)(4)(A)(i)-(ii).  The BOP has done so: once BOP officials determine an inmate is eligible for an EBRR or PA, the BOP awards them FSA time credits for the days they are in "earning status" by

---

[7] The Court did not construe the FAC as claiming a violation of the FSA because Plaintiff seeks money damages, and the FSA does not explicitly provide for a claim for damages.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (amending 18 U.S.C. §§ 3631 et seq.). The Court concludes below there is also no implied cause of action for damages under *Bivens* for FSA violations.

[8] Defendant makes other arguments for summary judgment, namely Plaintiff did not exhaust administrative remedies and there is no due process interest in FSA time credits.  The Court need not address these arguments because summary judgment is granted on the grounds discussed below.

"successfully participating" in programming.  18 U.S.C. § 3632(b)(4)(A); 28 C.F.R. § 523.42(a); *see also* BOP Program Statement 5410.01(3)(c) (Mar. 10, 2023).  An inmate does not "successfully participat[e]" if they opt out by "choosing not to participate in the EBRR programs or PAs that the [BOP] has recommended" to the inmate.  28 C.F.R. § 523.41(c)(4)(v).  "An inmate is considered to be opting out, and therefore, is not in earning status, if the inmate refuses or declines to participate in any EBRR programs or structured, curriculum-based PAs recommended based on an identified need."  BOP Program Statement 5410.01(3); *see also id.* 5410.01(8) ("If . . . the inmate . . . declines a recommended needs-related program and goes into opt out status, the inmate is no longer in earning status, and therefore, stops accruing days toward FTCs[9] and no FTCs will post to the inmate's record.").

       2.    <u>No Triable Issue of Fact that Defendant Deprived Plaintiff of FSA Time Credits</u>

The evidence does not support a reasonable finding Plaintiff earned any more FSA time credits than she received.  Her prison records show, and she does not dispute, she was found eligible to participate in the EBRR program "Resolve," she received 56 days of FSA time credits for her participation in the program, and these credits advanced her release date from April 12, 2023, to February 15, 2023, when she was released.  (*See* ECF No. 24-1 at 4, 5.)  Her records also state she participated in this EBRR until she "declined" to continue on February 14, 2020.  (*See* ECF No. 24-1 at 4, 5, 8.)  Although Plaintiff argues she did not discontinue her participation in Resolve, she has not submitted a declaration or other evidence to this effect.  There is furthermore no evidence in the record supporting a reasonable inference Plaintiff participated in any other FSA programming or earned more than 56 days of time credits.

Plaintiff's statement in her verified complaint that her case manager told her she was eligible for release on April 21, 2022, does not create a triable issue as to whether that was the case.  First, Plaintiff's report of what her case manager told her is inadmissible hearsay because it is offered to show the truth of the manager's statement ---- that Plaintiff was in fact eligible for release on April 21, 2022.  *See* Fed. R. Evid. 801(c) (defining hearsay statements as offered "to

---

9 "FTC" refers to federal time credits.  (ECF No. 28 at 49.)

United States District Court
Northern District of California

prove the truth of the matter asserted in the statement"); 802.  Second, even if the manager's purported statement was admissible, the other evidence precludes a reasonable fact-finder from concluding he was correct that she had earned FSA time credits entitling her to release on April 21, 2022.  As discussed above, Plaintiff's prison records show she opted out of FSA programming on February 14, 2020, and had earned no more than 56 days of FSA time credits, and there is no evidence supporting a reasonable inference to the contrary.  In addition, Plaintiff does not dispute she had a Colorado detainer, which, under prison regulations, precluded releasing her earlier based upon FSA time credits.  (*See id.* at 49 (citing regulations).)  Plaintiff's report of what a case manager told her does not create a triable factual question both because the manager's purported statement is inadmissible hearsay and because, even if admissible, no reasonable fact-finder could conclude the manager's eligibility assessment was correct under the FSA and prison regulations.

Plaintiff's argument that she earned 365 days of FSA time credits fails.  (ECF No. 28 at 17.)  She cites her prison records, but they do not support finding she earned more than 56 days of credits (*see* ECF No. 28-1 at 28 (stating 56 days of "FSA credits" were "applied" and that she "was scheduled for release" on February 15, 2023, "via FSA Rel."); *see also* ECF No. 24-1 at 60 (identifying Plaintiff's "First Step Act Release" date as February 15, 2023)).  One of her records has entries stating, "FTC Towards Release: 365" and "Apply FTC to Release: Yes," but this record does not support a finding that these entries mean she had an earlier release date or had in fact earned 365 days of time credits under the FSA.  (*See id*. at 33, 56; *see also* ECF No. 28-1 at 27.)  Nor could a fact-finder reasonably draw such an inference in light of her other record, dated four days later, that explicitly states she had 56 days of FSA credits and her release date was February 15, 2023.  (*See* ECF No. 28-1 at 28.)

Plaintiff also argues her prison records "show[ she] adequately completed all EBRR required programs and job participation apprenticeship at the Unicor Call Center."  (ECF No. 28 at 17 (citing "Exhibit D" (ECF No. 28-1 at 25-33).)  None of these records state she completed "all" required EBRR or other FSA programming, however.  (*See id.*)[10]  Only one record appears to

_____

[10] One of these records indicates she completed 500 hours of a work assignment at Unicor (ECF No. 28-1 at 31), but there is no evidence supporting a reasonable finding this job constituted

address her FSA programming --- a "program review" from September 29, 2022, which stated Plaintiff had 15 "current FSA Assignments." (ECF No. 28-1 at 29.) The entries for these assignments are vague and unexplained, however,[11] and without evidence that they indicate she completed additional FSA programming or earned additional FSA time credits, this record does not support a reasonable finding that she did so. In light of the other records showing she discontinued participating in the EBRR on February 14, 2020, and earned only 56 days of FSA credits, no reasonable fact-finder could conclude from the evidence that Plaintiff earned more FSA time credits or was eligible for release before the date she was in fact released.

*       *       *

As there is no evidence from which a reasonable fact-finder could conclude that Plaintiff earned more FSA time credits than she received or that she was entitled to earlier release, Defendant is entitled to summary judgment on Plaintiff's claim.

      3.      <u>There is no *Bivens* Remedy Available for Plaintiff's Claim</u>

Even if there were a triable factual issue as to whether Defendant deprived Plaintiff of time credits she earned under the FSA, Defendant would still be entitled to summary judgment. The Supreme Court has held on only three occasions that a private right of action for damages may be implied for constitutional violations by federal employees or their agents. *See Bivens*, 403 U.S. at 392-97 (holding private right of action for claim of unreasonable search and seizure under the Fourth Amendment); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (holding *Bivens* remedy available for violation of due process based on gender discrimination); *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (finding *Bivens* remedy available for Eighth Amendment violation based on inadequate medical treatment). These three cases "represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017). "[T]he Court has made clear that expanding the

---

additional successful participation in FSA programming or earned her additional time credits under the prison regulations.

[11] The entries for 12 of these assignments state "need" and "no," one states "need" and "yes," one states "reviewed," and one states "minimum recidivism risk level." (ECF No. 28-1 at 29.) There is no explanation for what these entries mean.

7

*Bivens* remedy is now a disfavored judicial activity." *Id.* at 135 (citation omitted). The Court has emphasized that "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). "[M]ost claims seeking to expand *Bivens* are dead on arrival." *Chambers v. C. Herrera*, 78 F.4th 1100, 1103 (9th Cir. 2023) (internal quotation marks and citation omitted).

Neither the United States Supreme Court nor the United States Court of Appeals for the Ninth Circuit has addressed whether there is a private cause of action under *Bivens* for violations of the FSA. The only courts that have addressed this issue have concluded no *Bivens* remedy is available. *See, e.g.*, *Cook v. Peters*, 2024 WL 778134, at *3 (N.D. Ohio Feb. 26, 2024) (citing cases and holding no private cause of action for damages for overdention based upon deprivation of FSA time credits); *Barnett v. United States*, 2022 WL 7483573 *4 (D. Kan. Oct. 13, 2022) (concluding no *Bivens* remedy for a violation of the FSA's compassionate release provision); *Ealy v. Knoebel,* 2019 WL 1928487 *2 (E.D. Ky. Apr. 30, 2019) (holding no private cause of action under the FSA) *Azzara v. McFarland*, 2019 WL 13246808, *3 (S.D.N.Y. Mar. 29, 2019) (holding no *Bivens* remedy available for violation of the FSA). This Court is persuaded by these decisions no *Bivens* remedy is available for Plaintiff's claim that Defendant failed to provide her with time credits she earned under the FSA.

4.     Defendant is Entitled to Qualified Immunity

Lastly, Defendant is entitled to summary judgment on qualified immunity grounds. A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual legal right and whether the right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). To be clearly established, "[t]he right must be settled law, meaning that it must be clearly established by controlling authority or a robust consensus of cases of persuasive authority." *Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019). For reasons discussed above, there is no authority, let alone controlling authority or a robust consenses of cases, that Plaintiff has a right to bring a private cause of action for damages for a violation of the FSA. And even if there were, for the reasons discussed above, there is no

United States District Court
Northern District of California

8

triable dispute of fact that, if resolved in Plaintiff's favor, would support a reasonable conclusion that Defendant violated her rights under the FSA.  Accordingly, Defendant is entitled to summary judgment on qualified immunity grounds, as well as the other grounds discussed above.

**CONCLUSION**

For the reasons discussed above, Defendant's motion for summary judgment is GRANTED.

The Clerk shall enter judgment and close the file.

This order resolves docket number 24.

**IT IS SO ORDERED.**

Dated: May 26, 2026

JACQUELINE SCOTT CORLEY
United States District Judge